UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA WILLIAM FAYE | CIVIL ACTION |
| VERSUS | NO. 20-2560 |
| WARDEN PAT BROOKS, ET AL. | SECTION "H" (2) |

FINDINGS AND RECOMMENDATION

Plaintiff Joshua William Faye filed this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he was evacuated during a hurricane to Catahoula Parish Prison, where he had no running water, and was denied a meal upon his return to the Terrebonne Parish Criminal Justice Complex ("TPCJC").[1]   Faye submitted an application to proceed *in forma pauperis* which did not include the certification of his inmate account required by 28 U.S.C. § 1915.[2]   On September 23, 2020, and October 5, 2020, the clerk of court sent Faye notices of this deficiency which required that he submit a certified pauper application within twenty-one (21) days of the date of the notice.[3] On October 21, 2020, the clerk of court received a letter from Faye in which he asserted that he had already provided a letter from the prison with the certification equivalent rather than the form certification provided to him by the clerk.[4]   However, the clerk of court has not received the certification or the prison equivalent from Faye.

On November 6, 2020, to provide Faye a final opportunity to respond, I issued an order for him to show cause in writing on or before December 7, 2020, why his claims should not be dismissed for failure to prosecute for failure to pay the filing fee or submit a pauper application

---

[1] ECF No. 1.
[2] ECF No. 2 (deficient pauper application).
[3] ECF Nos. 3, 4.
[4] ECF No. 5.

with the certified statement of his inmate account.[5]   My order also placed Faye on notice that his

failure to comply with the order would result in the recommendation that his claims be dismissed.

The clerk of court mailed a copy of the order to Faye at his address of record in the TPCJC.   The

envelope containing the show cause order has not been returned as undelivered.   Faye has not

responded to my show cause order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its

discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any

order of the court.[6]   In applying the sanction of dismissal, courts have traditionally considered the

extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to

comply with the court's order.[7]     Because plaintiff is proceeding *pro se*, it is apparent that this court

must weigh his actions alone in considering dismissal of this action under Rule 41(b).   A *pro se*

litigant is not exempt from compliance with relevant rules of procedural and substantive law.[8]   A

*pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable

neglect, which is a strict standard requiring proof of more than mere ignorance.[9]

All litigants are obligated to keep the court advised of any address change.   *See* EDLA

Local Rules 11.1 and 41.3.1.   In addition, the complaint form used by Faye to institute this action

contains the following declaration: "I understand that if I am released or transferred, it is my

responsibility to keep the Court informed of my whereabouts and failure to do so may result in this

---

[5] ECF No. 6.

[6] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).

[7] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986).

[8] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).

[9] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

action being dismissed with prejudice."   ECF No. 1, at 6 (Plaintiff's Declaration, §VI, No. 2). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[10]

To date, Fay has not filed a Notice of Change of Address or otherwise further contacted the court or clerk of court.   Fay has not responded to my order or provided the information or fee necessary to prosecute his case.   His failure to comply with the court's orders and rules has created delay in the court's ability to efficiently manage the case.   This delay is caused by and attributable to Faye himself, justifying dismissal of his claims.[11]

In a final effort to provide plaintiff with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge.   Plaintiff is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report.   It is suggested to plaintiff that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders.   Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit.   A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a

---

[10] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[11] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Management Partners, Inc.*, 278 F. App x 402, 404-05 (5th Cir. 2008).

magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[12]

## RECOMMENDATION

It is **RECOMMENDED** that Plaintiff Joshua William Faye's claims be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this 17th day of December, 2020.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[12] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).